IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELE HOGAN,   CASE NO. 6:04-CV-272-ORL-31JGG

        Plaintiff,

v.

THE COUNTRY CLUB OF BREVARD, INC.,
d/b/a ROCKLEDGE COUNTRY CLUB,

        Defendant
_____/

**DEFENDANT'S, THE COUNTRY CLUB OF BREVARD, INC.,
MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR FINAL SUMMARY JUDGMENT**

Defendant, THE COUNTRY CLUB OF BREVARD, INC., d/b/a ROCKLEDGE COUNTRY CLUB (hereinafter referred to as "the Club"), by and through its undersigned counsel, pursuant to Rule 56(c), Fed. R. Civ. P., and Local Rule 3.01, move for entry of final summary judgment against Plaintiff, MICHELLE HOGAN, and as grounds therefor, would show the Court that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law, and file this Memorandum of Law in support.

**MEMORANDUM OF LAW**

**I.  Summary Judgment Standard**

Summary judgment is proper, as it is here, when the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and the defendant, as the moving party, shows that

Hogan v. The Country Club of Brevard, Inc.
CASE NO 6:04-CV-272-ORL-31JGG
Page 2

it is entitled to judgment as a matter of law  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); National Fire Ins. Co. of Hartford v. Fortune Constr. Co., 320 F.3d 1260, 1267 (11th Cir 2003); Hill v. Wayland, 74 F.3d 1150, 1152 (11th Cir 1996); Edwards v. Acadia Realty Trust, Inc., 141 F.Supp.2d 1340, 1344-45 (M.D.Fla 2001); Fed R Civ P 56(c)  Moreover, where the nonmoving party fails to prove an essential element of its case for which it has the burden of proof at trial, summary judgment is warranted  See Celotex Corp., 477 U.S. at 322, 323; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir 1999)  Even though the evidence must be viewed in the light most favorable to the nonmoving party, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see also Cohen v. United Am. Bank of Cent. Fla., 83 F.3d 1347, 1349 (11th Cir 1996).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of providing proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial  See Celotex Corp., 477 U.S. at 317; Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir 1989)  Furthermore, mere conclusory allegations of retaliation, without more, are insufficient to defeat a motion for summary judgment  Grigsby v. Reynolds Metals Co., 821 F.2d 590, 597 (11th Cir 1987).  A plaintiff must provide more than "a mere scintilla of evidence to survive a motion for summary judgment."  Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir 1989); see also LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 833 (11th Cir 1998)(stating that to defeat a motion for

summary judgment, the non-moving party may not rely on "mere allegations," but must raise "significant probative evidence" sufficient for a jury to find for that party ); Clemons v. Hardee County School Board, 848 F. Supp. 1535 (M.D. Fla. 1994) (plaintiffs must show discriminatory animus - mere conclusory allegations of discrimination are not enough). If the evidence is merely colorable or is not significantly probative, summary judgment is proper. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Summary judgments should be granted where the allegations are vague and conclusory. See White v. Florida Highway Patrol, 928 F. Supp. 1153, 1156 (M.D. Fla. 1996).

The mere existence of some factual dispute between the parties will not defeat a summary judgment. Anderson, 477 U.S. at 247-48. Only genuine issues of material fact will defeat the motion. Id., see also Barfield, 883 F.2d at 933. An issue of fact is "material" if it is a legal element of a claim under the applicable substantive law and one which might affect the outcome of the suit under the governing law. See Anderson, 477 U.S. at 248. A material fact is "genuine" if "the record taken as a whole could lead a rational trier of fact to find for the non-moving party." Id. Therefore, the inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. Id. at 250. In this case, there are no genuine issues of material fact remaining. In this case, even construing all the evidence in favor of the non-moving party, Plaintiff cannot establish that the Club is liable to Plaintiff on any of the claims raised in this action. Pursuant to Federal Rule of Civil Procedure 56(c), this action should be dismissed in its entirety. There are no factual issues in this case. The Club entitled to judgment in his favor as a matter of law.

Hogan v. The Country Club of Brevard, Inc.
CASE NO 6.04-CV-272-ORL-31JGG
Page 4

## II. Plaintiff Cannot Establish Her Claims Under 440.205

Section 440 205, Florida Statutes, provides in pertinent part: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Plaintiff is suing for retaliatory discharge. Section 440 205 only prohibits the retaliatory discharge of an employee "by reason of the filing of a workers' compensation claim. Employers still retain their traditional right to terminate employees for legitimate business reasons." Pericich v. Climatrol, Inc., 523 So 2d 684, 685 (Fla. 3d DCA 1988) (citations omitted); see also Silvers v. Timothy J. O'Donnell Corp., 751 So 2d 747, 748 (Fla. 5th DCA 2000).

To establish prima facie case of retaliatory discharge under section 440 205, a plaintiff must show that she engaged in statutorily protected activity, i.e., filing a workers' compensation claim, that an adverse employment action, such as discharge, occurred, and that the adverse action was causally related to the plaintiff's protected activity. Humphrey v. Sears, Roebuck, & Co., 192 F Supp 2d 1371, 1374 (S.D. Fla 2002); Silvers, 751 So 2d at 748 (holding that plaintiff can satisfy threshold burden of proof if he establishes sufficient evidence that Defendant knew he was filing a worker's compensation claim), see also Sierminski v. Transouth Fin. Corp., 216 F 3d 945, 950-951 (11th Cir 2000) (affirming application of Title VII retaliation analysis to retaliatory discharge claim under Florida state statute).

There is no issue in this case that Plaintiff filed a worker's compensation claim. There is no issue in this case that Plaintiff was laid off. The only issue that had to be resolved was whether there was a close temporal proximity between the filing of the claim and Plaintiff's subsequent termination

from her job Plaintiff has failed to present sufficient evidence for a jury to conclude that Plaintiff has established the requisite causal connection between her protected conduct, the filing of the worker's compensation claim, and her termination

Additionally, Plaintiff cannot establish the temporal proximity necessary to establish a causal relationship In order to prevail on a retaliation claim, Plaintiff also must establish the requisite causal connection between his statutorily protected conduct and the alleged adverse employment action See Goldsmith v. City of Atmore, 996 F 2d 1155, 1163 (11th Cir 1993) To establish the causal connection, a plaintiff must demonstrate that the individual responsible for the alleged adverse action was aware of the protected conduct at the time he acted Gupta v. Florida Bd. of Regents, 212 F 3d 571, 590 (11th Cir 2000), Raney v. Vinson Guard Service, Inc., 120 F 3d 1192, 1197 (11th Cir 1997) Defendant is not challenging that it knew about Plaintiff's worker's compensation claim at the time it laid her off However, Defendant is challenging whether the claim was still in existence at the time of the discharge and whether there is sufficient temporal proximity to establish causation

Plaintiff worker's compensation claim was dismissed on October 6, 2003 Exhibit K This dismissal occurred before Plaintiff was laid off

Finally, too much time had passed between the filing of the claim and her termination to be temporally connected As to this required element, Hogan has wholly failed to establish any causal link between the worker's compensation claim filed in May 1, 2003 and her termination almost six months later, October 23, 2003 In fact, too much time had elapsed between the two events See Wascura v. City of South Miami, 257 F 3d 1238, 1247 (11th Cir 2001) (finding that three and a half months was too long to show close temporal proximity), Conner v. Schnuck Markets, Inc., 121 F 3d

1390, 1395 (10th Cir 1997) (4-month lag between protected activity and termination not sufficient to justify an inference of causation), Donnellon v. Fruehauf Corp., 794 F.2d 598, 601 (11th Cir 1986) (finding that one month was evidence of retaliation); see also Maniccia v. Brown, 171 F 3d 1364, 1370 (11th Cir 1999) (fifteen and twenty-one months too long to establish causal connection), Causey v. Balog, 162 F 3d 795, 803 (4th Cir 1998) (13-month delay between protected activity and termination too long for causation to be established)

Section 440 205 does not prohibit the discharge of an employee for any reason once the employee has filed or pursued a worker's compensation claim. See Pericich, 523 So.2d at 685 Employers still retain their traditional right to terminate employees for legitimate business reasons, such as budget cuts  See Id

Plaintiff's claims for retaliatory discharge must fail because the Club has provided a legitimate, nondiscriminatory reason for Plaintiff's termination  The Club has offered a legitimate, nondiscriminatory reason of budget cuts in opposition to Plaintiff's prima facie case. Texas Dep't of Comm. Affairs v. Burdine, 450 U S 248, 258 (1981)  Two other Club employees were laid off at or around the time that Plaintiff was laid off. The food and beverage manager, Cindy Holland was laid off just three weeks before Plaintiff. The chef, Fred Scheerenberg, was laid off at the same time as Plaintiff  The defendant's burden is one of production; it need not persuade the court that it was actually motivated by the proffered reasons. Brown v. Sybase, Inc., 287 F.Supp.2d 1330, 1340 (S D Fla 2003) (citing Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir 2000))  The Club's burden in this regard is "exceeding light." Holifield v. Reno, 115 F 3d 1555, 1564 (11th Cir 1997)  This Court cannot reexamine Defendant's business decisions. Davis v. Town of Lake Park,

Fla., 245 F.3d 1232, 1244 (11th Cir. 2001).

Plaintiff then bears the burden of persuasion that the proffered reasons are pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Plaintiff has failed to establish that the stated reasons are pretextual. Wascura, 257 F.3d at 1243; Chapman, 229 F.3d at 1024 (en banc); Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997). Plaintiff has not shown that the reason has no basis in fact or that the reason given was not the true factor motivating the termination decision. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 516 (1993).

In this case, Stewart was the ultimate decision maker. There is no evidence to contradict that unequivocal testimony. Fortner was not the final decision-maker. Fortner testified that he recommended to Stewart that Plaintiff be terminated. Fortner's recommendation was subject to final approval. In fact, Stewart questioned Fortner about his recommendation and whether he actually could function without Plaintiff. Stewart has testified that her worker's compensation claim had no bearing on his decision. Fortner did not advise Stewart that he was making his recommendation because of the worker's compensation action. At most, the evidence shows that Fortner supplied Stewart with information which he may or may not have considered in making his decision to terminate Plaintiff. Accordingly, Plaintiff has failed to present sufficient competent evidence to establish that Fortner's improper motivations influenced the ultimate decision maker. See Clover v. Total System Services, Inc., 176 F.3d 1346 (11th Cir. 1999).

Fortner's beliefs about the reason for Plaintiff's termination are irrelevant however, as Fortner did not have control over the decision to fire Plaintiff nor any other Club employee. Fortner's speculation is simply inadmissible. See Humphrey, 192 F.Supp.2d at 1371.

For the foregoing reasons, Plaintiff did not present sufficient evidence to permit a jury to reasonably find the requisite causal connection between her protected activity and her adverse employment. Because Plaintiff is required to establish that causal connection in order to prevail on her retaliation claim, this Court should grant the Club's motion for judgment as a matter of law on Plaintiff's Count I

## II. Plaintiff Cannot Establish Her Claims Under Whistleblower Act, section 448.102

Under Florida law, as predicted by Court of Appeals, analysis used in Title VII retaliation cases could be applied to determine whether a causal link existed between employee's objection to alleged illegality and employer's alleged retaliatory action sufficient for liability under Whistle Blower's Act. Sierminski, 216 F 3d at 945

To prove prima facie case of retaliation under the Florida Whistleblower Act, Plaintiff must establish (1) that there was statutorily protected participation, (2) that adverse employment action occurred, and (3) that there was causal link between participation and adverse employment action Sierminski, 216 F 3d at 950, Padron v. BellSouth Tele., Inc., 196 F Supp 2d 1250, 1255 (S.D Fla 2002), see also See Farley v. Nationwide Mut. Ins., 197 F 3d 1322, 1336 (11th Cir 1999), Little v. United Technologies, 103 F 3d 956, 959 (11th Cir 1997); Meeks v. Computer Assoc. Int'l, 15 F 3d 1013, 1021 (11th Cir 1994). Although the plaintiff need not prove the underlying claim for a retaliation action to lie, he does need to show that he suffered an adverse employment action prompted by the expression. Gupta, 212 F 3d at 586. Plaintiff has failed to satisfy the first and third requirements to establish a whistleblower claim

Statutorily protected participation is established if Plaintiff can show that she opposed an

Hogan v. The Country Club of Brevard, Inc.
CASE NO. 6:04-CV-272-ORL-31JGG
Page 9

unlawful employment practice which she reasonably believed had occurred. See Wu v. Thomas, 863 F.2d 1543, 1549 (11th Cir. 1989). But here, Plaintiff has failed to establish that she engaged in statutorily protected participation. Plaintiff has failed to establish a law, rule, or regulation that the Club violated. Finally, there is no causal relationship between the alleged protected activity and her adverse employment action.

To establish a statutory violation, an employee needs to establish only one of the three actions set forth in section 448.102. Plaintiff has not any of the requisite actions. The acts Plaintiff alleges as "whistleblower" acts are not protected by the Whistleblower Act. Hogan did not disclose any activity, policy, or practice of the Club that violated law, rule, or regulation. Thus, her statements are not sufficient to state cause of action under the Whistleblower law. See Schultz v. Tampa Elec. Co., 704 So.2d 605 (Fla. 2d DCA 1997).

Plaintiff did not "[d]isclose[], or threaten[] to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation or a law, rule, or regulation" as required by section 448.102(1), Florida Statutes. Plaintiff did not file or call OSHA to report any violation.

Plaintiff did not "[p]rovide[] information to, or testif[y] before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer" as required by section 448.102(2), Florida Statutes. Plaintiff did not participate in the OSHA investigation,

Plaintiff cannot establish a claim under 448, 102(3). Section 3 prohibits an employer from retaliating against an employee that has "[o]bjected to, or refused to participate in, any activity,

policy, or practice of the employer which is in violation of a law, rule, or regulation." Plaintiff fails to state a cause of action under section 448.102(3) because she cannot articulate what "law, rule or regulation" she was asked to violate. The Club did not engage in any illegal activities that would give rise to Plaintiff having the opportunity to engage in protected activities under the Whistleblower Act, sections 448.101- 105, Florida Statutes.

The term "law" does not refer to the whole body of law but instead only to positive law. Section 448.101(4) states that the statutory term law, rule, or regulation: "includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." See Schultz, 704 So 2d at 605 (finding employee statements in memorandum to employer, which set forth his disagreement with what he perceived to be employer's lack of effort regarding its conservation plans and programs, did not disclose activity, policy, or practice of company that violated law, rule, or regulation, and thus statements were not sufficient to state cause of action under whistleblower law)

Plaintiff alleges that she "objected to and refused to participate in violations of state law." (Dkt 34) When asked to explain what state laws she was referring to, Plaintiff stated that she complained that she could not talk about her worker's compensation case or about the mold See Exhibit A3 pp. 65, 67 When asked to explain what did she refuse to participate in, Plaintiff stated that she refused to offer Universal Engineering a membership in exchange for reducing their bill See Exhibit A3 p 65 She says she refused to participate in the cheap way they were remediating the mold or cleaning up See Exhibit A3 pp. 78-80.

Section 448.103(c) provides that: "An employee may not recover in any action brought

pursuant to this subsection if he or she failed to notify the employer about the illegal activity, policy, or practice as required by s. 448.102(1) or if the retaliatory personnel action was predicated upon a ground other than the employee's exercise of a right protected by this act."

Doing the clean up in a manner that Plaintiff disagreed with is not illegal. Spending less money to remediate mold is not illegal. Therefore, Plaintiff's statements are not sufficient to state cause of action under the whistleblower law. See Schultz, 704 So.2d at 605.

Even if Plaintiff had established that she engaged in statutorily protected activity, Plaintiff has not shown that a causal link exists between her allegedly protected activities and the adverse employment action. The OSHA complaint was filed in December 2002. The clean up of her work area was done by Beyer in February 2003. Plaintiff was terminated on October 22, 2003. Thus, there is at best over an eight-month lag between the alleged protected activity and her termination. This is not sufficient to justify an inference of causation. See Wascura, 257 F.3d at 1247; Conner, 121 F.3d at 1395; Donnellon, 794 F.2d at 598.

Finally, even if Plaintiff established a prima facie case of retaliation under the Whistleblower Act, the Club has stated a legitimate, nondiscriminatory reason for Plaintiff's termination. See Olmsted v. Taco Bell, 141 F.3d 1457, 1460 (11th Cir. 1998). The Club's decision maker, Stewart, testified that Plaintiff was laid off because of the elimination of positions due to budget cuts. Plaintiff has offered no evidence that the reason given for the termination is pretextual with regard to the Whistleblower claims. See Olmstead, 141 F.3d at 1460, Padron, 196 F.Supp.2d at 1255. There has been no testimony that Plaintiff was fired because of her complaints regarding mold or the clean up. Moreover, Plaintiff has failed to come forward with evidence sufficient competent evidence to permit

a reasonable fact finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment action. Brown, 287 F. Supp 2d at 1340 (citing Chapman, 229 F 3d at 1024) The inquiry into pretext centers upon the employer's beliefs, and not the employee's own perception of his or her performance. See Holifield, 115 F.3d at 1565. Simply stated, Plaintiff has failed to produce any competent record evidence that the Club's decision to terminate Plaintiff for monetary reasons was pretextual. Therefore, Plaintiff's reason stands unchallenged and Plaintiff's claim must fail.

### III. Plaintiff cannot establish her claims under ERISA

The Comprehensive Omnibus Budget Reconciliation Act ("COBRA"), codified at 29 U.S.C. §§1161-68, requires that an employer provide an employee with the option of electing continuation coverage under the same terms of the employer's health plan after some qualifying even which would otherwise end the employee's health insurance coverage. 29 U.S.C. § 1161. Among the qualifying events, and the one relevant to this case, is termination of employment. 29 U.S.C. § 1163(2). The continuation of coverage period must last for at least eighteen months. 29 U.S.C. § 1162(2)(A)(I). The employer may require the employee to pay the premiums during that period. Furthermore, the plan administrator is obligated to notify the employee of his or her option to elect continuation coverage no later than forty-four days after termination of employment. 29 U.S.C. §§ 1166(a)(4) & (c) The employee then has sixty days from the date of that notice in which to decide whether or not to elect continuation coverage. 29 U.S.C. § 1165(1).

In order to evaluate Plaintiff's alleged violation of 29 U.S.C. §1132, we will analyze the code provisions. In Counts III and IV of the First Amended Complaint, Plaintiff is suing the Club for

violations of 29 U.S.C. §1132(c)(1)(A) and (B). Section 1132(c)(1) provides that any administrator "(A) who fails to meet the requirements of paragraph (1) or (4) of section 1166" or "(B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary" may be subject to a penalty. 29 U.S.C. §1132(c)(1).

Section 1166 has not been violated. The Club advised the administrator of the qualifying event, Plaintiff's termination, that triggered the notice requirements as required by 29 U.S.C. §1166 (a)(2). In turn, PayChex sent the requisite notice to Plaintiff. See 29 U.S.C. §166 (4)). Therefore, everyone complied with the requirements of section 1166. In fact, Plaintiff received the forms, signed them and sent the forms back and enrolled in the health benefits continuation plan. Therefore, all the provisions of section 1166 have been followed.

Section 1021(e)(1) and section 1021(f) refer to notice of transfer of excess pension assets and notice of multiemployer benefit plan funding, respectively. 29 U.S.C. §1021. None of these situations are at issue in this case. Therefore, Plaintiff cannot establish a claim under section 1132 (c)(1)(A).

Plaintiff cannot establish a violation of section 1132(c)(1)(B) either. Plaintiff did not direct her request for the summary plan description to the plan administrator.

In Florida, the summary plan description is the primary document for interpreting a person's rights under the plan. See Alday v. Container Corp. of America, 906 F.2d 660, 665-66 (11th Cir. 1990). ERISA requires that the plan administrator provide all employees participating in such plans with a Summary Plan Description which highlights the benefits provided under the plan, the eligibility

Hogan v. The Country Club of Brevard, Inc.
CASE NO 6:04-CV-272-ORL-31JGG
Page 14

requirements, restrictions on benefits and other relevant information regarding the plan. Under section 502(c) of ERISA, a plan administrator which "fails or refuses to comply with a request for any information which such administrator is required by [ERISA] to furnish to a participant or beneficiary within 30 days after such request may    be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal." 29 U.S.C. §§ 1132(c)

Plaintiff contends that the Club refused to supply her with a copy of the plan after her attorney a formal request for it in a letter sent to the Club's president at the time, John Stewart. Plaintiff therefore requests in her First Amended Complaint that the Club be ordered to pay penalties pursuant to 29 U.S.C. § 1132(c)(B), which provides:

> Any administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such relief as it deems proper

The imposition of this penalty is committed to the district court's discretion. ERISA §§ 502(c), 29 U.S.C. §§ 1132(c).

The required written request must be directed to the plan administrator, not the employer's president or legal counsel. See Haberern v. Kaupp Vascular Surgeon Ltd., 24 F.3d 1491, 1505-6 (3rd Cir 1995); Jones v. UOP, 16 F.3d 141, 144 (7th Cir 1994); Coleman v. Nationwide Life Ins., 969 F.2d 54, 62 (4th Cir 1992); Fisher v. Metropolitan Life Ins. Co., 895 F.2d 1073, 1077 (5th Cir 1990),

Hogan v. The Country Club of Brevard, Inc.
CASE NO 6:04-CV-272-ORL-31JGG
Page 15

see also Rigby v. Rhodes, Inc., 1996 WL 640425 (S.D. Fla. 1996). PayChex was the administrator for the health insurance plan. The Club was not the plan administrator. Therefore, Plaintiff is not entitled to penalties from the Club and Defendant is entitled to summary judgment.

For the foregoing reasons, Plaintiff has failed to establish that a reasonable jury could return a verdict in his favor on the two claims of ERISA violations. The record demonstrates that there is no violation of the ERISA provisions.

## CONCLUSION

WHEREFORE, based on the foregoing, Defendant, THE COUNTRY CLUB OF BREVARD, INC., d/b/a ROCKLEDGE COUNTRY CLUB, respectfully requests the entry of judgment as a matter of law, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

KUBICKI DRAPER
Attorneys for Defendant
City National Bank Building
25 West Flagler Street, PH
Miami, Florida 33130
Tel. (305) 982-6612 / (305) 982-6609
Fax. (305) 374-7846

By: _____
ELIZABETH M. RODRIGUEZ
Florida Bar No. 821690

Hogan v. The Country Club of Brevard, Inc.
CASE NO 6.04-CV-272-ORL-31JGG
Page 16

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 6th day of May 2005 to John W. Bolanovich, Esq., Bogin, Munns & Munns, P.A., 2601 Technology Drive, Orlando, FL 32804

                                    KUBICKI DRAPER
                                    Attorneys for Defendant
                                    City National Bank Building
                                    25 West Flagler Street, PH
                                    Miami, Florida   33130
                                    Tel. (305) 982-6612
                                    Fax. (305) 374-7846

By: _____
                                    ELIZABETH M. RODRIGUEZ
                                    Florida Bar No. 821690